

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/26/2015

| | | |
|---|---|---|
| IN RE: | § | |
| MICHAEL WALTER FAUSER; aka MWF | § | CASE NO: 10-31501 |
| INVESTORS, *et al* | § | |
|     Debtor(s) | § | |
| | § | |
| | § | CHAPTER  7 |
| | § | |
| MICHAEL WALTER FAUSER | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 14-3018 |
| | § | |
| GREEN TREE SERVICING, LLC | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

Green Tree's motion for summary judgment is granted in part and denied in part. Fauser's motion for summary judgment is granted in part and denied in part.

### Procedural Background

On July 10, 2014, Fauser filed a motion for summary judgment.  (ECF No. 27).  Green Tree filed a response to the motion on August 8, 2014. (ECF No. 31).

On October 14, 2014, Green Tree filed a motion for summary judgment. (ECF No. 42). Fauser filed a response on November 1, 2014. (ECF No. 45).  Green Tree filed a reply to Fauser's response on November 16, 2014. (ECF No. 47).

### Fact Summary

Many facts are undisputed: The Fausers purchased properties located at 7523 Cypress Edge Property and 20520 Cypress Gully Drive, with mortgage loans from Countrywide. (ECF No. 48 at 2).  On February 25, 2010, Michael Walter Fauser and his wife filed a joint chapter 7 bankruptcy petition. (Case No. 10-31501, ECF No. 1).  On their Schedule D and Schedule F, the

Fausers listed Bank of America as a creditor with four separate debts. (ECF No. 2 at 2-3).  These debts arise from promissory notes signed by Mr. Fauser, secured by deeds of trusts to the "Cypress Edge Property" and the "Cypress Gully Property." *Id*. at 3.  The Fausers did not realize that Bank of America was not the owner of the mortgages, but was merely the servicer. (ECF No. 48 at 2).

Green Tree did not file a proof of claim in the Fausers' bankruptcy case and did not participate in the proceedings. (*Id*. at 3).

On April 7, 2010, the Fausers filed a Statement of Intention stating their intention to surrender all six of their rental properties. (*Id*).

On June 9, 2010, Mr. and Mrs. Fauser were granted a discharge in their chapter 7 case. (Case No. 14-3018, ECF No. 48).

On December 15, 2011, the Fausers attempted to execute deeds to the Cypress Edge and Cypress Gully properties to Bank of America in lieu of foreclosure. (*Id*. at 3).  Because the Fausers failed to deliver the deeds, Bank of America recorded declinations of the deeds.  (*Id*.).

On January 7 and 8, 2013, a Green Tree representative named Kina Sadler called Fauser about the Cypress Gully account.  (*Id*.).

On January 11, 2013, Sadler called Fauser at home again and left him a message to call. (*Id*.). On March 12, 13, 14, 15, and 16, 2013, Green Tree called Fauser's home phone again. (*Id*.).

During the first week of December 2013, Green Tree began calling and leaving messages for Fauser about the Cypress Edge debt. (*Id*.).  On December 2, 2013, Fauser returned a call and left a message with a Green Tree representative explaining that he was discharged in bankruptcy and did not own the properties. (*Id*.).

On December 10, 2013, Green Tree sent Fauser a letter notifying him that he was in default on the loan secured by the Cypress Edge Property for "failure to submit your monthly payments due 12/01/2009 through 12/01/2013." (*Id*.).

There are several factual disputes, including: (i) when the servicing rights and duties regarding the promissory notes secured by the properties were transferred to Green Tree; (ii) the nature and substance of the communications between the parties; and (iii) whether Green Tree knew of the existence of Fauser's discharge.

## Constitutional Authority

This Court has constitutional authority under *Stern v. Marshall,* 131 S.Ct. 2594 (2011) to decide this matter.  Under *Stern,* Bankruptcy Courts may not enter final judgments in matters that are within the exclusive jurisdiction of Article III courts. *Stern,* 131 S.Ct. at 2620.  In the Report and Recommendation issued on this date, the Court articulates why it has the authority to enter a final judgment in this case.

In any event, this opinion does not involve a final judgment; granting in part and denying in part a motion for summary judgment is an interlocutory order. *West v. WRH Energy Partners LLC (In re Noram Res., Inc.),* 2011 WL 6936361, at *1 (Bankr. S.D. Tex. Dec. 30, 2011). Accordingly, even if the Court does not have authority to enter a final judgment in this case, it has the authority to grant or deny motions for summary judgment in part.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

(5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.  *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Analysis

Fauser seeks summary judgment that Green Tree willfully violated the discharge injunction by continuing its collection activity.

Green Tree seeks summary judgment on certain elements of Fauser's alleged damages: (i) damages to business reputation, (ii) damage to credit reputation, and (iii) punitive damages.

Fauser has withdrawn his request for an award of damages for harm to his credit reputation. (ECF No. 45 at 1-2).  Fauser has never alleged damages to his business reputation. Accordingly, Fauser does not contest Green Tree's request for partial summary judgment as to credit and business reputation damages.  Summary judgment is granted as to Fauser's claim for damages to his credit and business reputation.

The contested matters in the competing summary judgment motions include: (i) whether Green Tree violated the discharge injunction; and if so, (ii) whether Green Tree's violation was sufficiently willful and malicious to warrant punitive damages.

### Green Tree Violated the Discharge Injunction

On June 9, 2010, Mr. and Mrs. Fauser were granted a discharge in their chapter 7 case. (Case No. 14-3018, ECF No. 48).  Section 524 of the Bankruptcy Code states that "[a] discharge in a case under this title ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2).

"The discharge injunction is broad and prohibits any act taken to collect a discharged debt as a personal liability of the debtor.  Thus, the discharge injunction is a definite and specific court order that requires creditors to refrain from particular acts, *i.e.,* any act to collect, recover, or offset any discharged debt as a personal liability of the debtor." *In re McClure*, 420 B.R. 655, 659 (Bankr. N.D. Tex. 2009) (internal citations omitted).

Fauser alleges that Green Tree committed multiple violations of the discharge injunction beginning in December of 2012. (ECF No. 27 at 10) ("The Defendant began taking collection actions against the Plaintiff with respect to the Cypress Gully debt in December of 2012, and

began taking collection actions against the Plaintiff with respect to the Cypress Edge debt in November of 2013.").

The Court finds that Green Tree violated the injunction on at least one occasion. For example, on December 10, 2013, Green Tree sent Fauser a letter notifying him that he was in default on the loan secured by the Cypress Edge Property for "failure to submit your monthly payments due 12/01/2009 through 12/01/2013." (ECF No. 27-19). The letter states: "You may be held personally liable under state law, if any, for any deficiency balance not realized from the sale of the property;" and "[i]f this default is not cured, Green Tree will report the defaulted loan to any appropriate credit reporting agency." (*Id*.).

Green Tree's threat to report Mr. Fauser to a credit agency if he did not cure the default constitutes an attempt to collect a discharged debt. The fact that the letter includes the disclaimer that "Green Tree is not attempting to collect or recover the debt as your personal liability, but is only complying with statutory notice requirements" is of no avail. A boilerplate disclaimer does not negate a creditor's attempt to enforce a personal liability post-discharge. *In re Hernandez*, No. 12-37496, 2014 WL 5794840, at *3 (Bankr. S.D. Tex. Nov. 6, 2014) ("A disclaimer cannot change the true nature of a communication.").

Accordingly, there is no genuine issue of material fact as to whether Green Tree violated the discharge injunction.

### Damages

There is a genuine issue of material fact as to whether and to what extent damages should be awarded.

A violation of an injunction does not automatically give rise to damages. Section 105(a) of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is

necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).  A contempt order "which compensates a debtor for damages suffered as a result of a creditor's violation [of the discharge injunction is] both necessary and appropriate to carry out the provisions of the bankruptcy code." *Placid Ref. Co. v. Terrebone Fuel and Lube, Inc. (In re Terrebone Fuel and Lube, Inc.),* 108 F.3d 609, 613 (5th Cir.1997).  A bankruptcy court's decision to impose sanctions is discretionary. *Id.*

"In cases in which the discharge injunction was violated willfully, courts have awarded debtors actual damages, punitive damages and attorney's fees." 420 B.R. at 663. "Actions that violate the discharge injunction are willful if the creditor that violates the discharge injunction [1] knows the injunction has been entered and [2] intends the actions that violate it. That the actions are intentional—as opposed to the actual violation of the injunction being intentional—is sufficient." *In re McClure*, 420 B.R. 655, 663 (Bankr. N.D. Tex. 2009). "In order to support a finding of contempt under 11 U.S.C. § 524(a)(2), there must be showing that the order of discharge alleged to have been violated is specific and definite and that the offending party has knowledge of the Court's order." *In re Contreras,* 2007 WL 273128, at *1 (Bankr. S.D. Tex. Jan. 26, 2007).

There is some evidence to support the conclusion that Green Tree *willfully* violated the injunction.  Fauser alleges that when Green Tree received the Cypress Gully debt account in December of 2012, it also received all of the previous account notes from pervious servicers. These account notes allegedly included a note that indicates that on April 1, 2011, Bank of America's prior servicer discovered that the Plaintiff had filed a Chapter 7 bankruptcy case and received a discharge without reaffirmation of the debt secured by the Cypress Gully Property. (ECF No. 27 at 13).

Additionally, Green Tree testified in its interrogatories that "[u]pon boarding the loan, Green Tree reviewed loan documents provided by the prior servicer to determine the status of the loan. At the time of boarding, Green Tree reviewed portions of the Plaintiff's bankruptcy file." (ECF No. 27-13 at 4).

On December 27, 2012, Green Tree made account notes for both the Cypress Gully debt and Cypress Edge debt that states that it "received discharge notification." (ECF No. 27-15 at 19). Finally, Fauser alleges that he and his wife informed Green Tree representatives about their bankruptcy case and discharge during numerous telephone conversations.

The above evidence suggests that Green Tree had knowledge of the discharge injunction and proceeded to attempt to collect on debts that were discharged in the bankruptcy.

At the April 1, 2015 trial, the Court will determine (i) the extent to which Green Tree violated the discharge injunction and (ii) the amount of damages awarded to Fauser.

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **February 26, 2015.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE